## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LEON DAVIS,

      *Plaintiff*,                CASE NO. 09-CV-13912

*v.*                           DISTRICT JUDGE DENISE PAGE HOOD
                           MAGISTRATE JUDGE CHARLES E. BINDER

VADLAMUDI SEETHA, *Dr.*,
ALFRED JONES, *Administrative
Assistant*, and MDOC,

      *Defendants*.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)

**I.**    **RECOMMENDATION**

      For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte*

**DISMISSED** for failure to state a claim upon which relief may be granted.

**II.**    **REPORT**

    **A.**    **Introduction**

      Plaintiff Leon Davis is a state prisoner who is incarcerated at the Pugsley Correctional

Facility in Kingsley, Michigan.  On October 5, 2009, Plaintiff filed a *pro se* prisoner civil rights

complaint pursuant to 42 U.S.C. § 1983, asserting that his Eighth Amendment right to not have his

serious medical needs met with deliberate indifference was violated when he was incarcerated at

the Mound Correctional Facility in Detroit, Michigan.

      Plaintiff's application to proceed without prepayment of fees pursuant to the *in forma

pauperis* statute, 28 U.S.C. § 1915(a)(1), was granted on October 15, 2009.  On October 27, 2009,

U.S. District Judge Denise Page Hood referred all pretrial matters to the undersigned magistrate

judge. After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

> **B.      Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

> Further, the law in this circuit is clear that the district court, in performing its initial review, should only consider the complaint and that the plaintiff should not be given the opportunity to amend to avoid *sua sponte* dismissal. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

*Baker v. Thomas*, 86 Fed. App'x 906, 909 (6th Cir. 2004). Likewise, a plaintiff may not repair a complaint's fatal deficiencies by correcting them in his or her objections to a report and recommendation. *See Williams v. Lowe*, No. 1:08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008). "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint." *McGore*, 114 F.3d at 612 (emphasis added).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

2

Rule 8 requires "that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). However, the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009) (finding assertions that a defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination were insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth).

**C.     Analysis and Conclusions**

**1.     Defendant Dr. Vadlamudi Seetha**

Plaintiff claims that Dr. Vadlamudi[1] did not treat him in a timely or complete manner after he tested positive for H. pylori bacteria.[2] (Compl. at 5-6.[3]) Plaintiff attached to his complaint the grievance he submitted regarding this claim. Alfred Jones, Administrative Assistant for Region III Health Care Administration, was the respondent at Step II of the grievance process. (Compl. at 9.) The grievance response states that Plaintiff's lab tests were ordered on 3-25-09, completed on 4-1-09, and medications (Sumycin 500, Flagyl, and Pepto-Bismol) were prescribed on 4-13-09.

---

[1]Although the complaint refers to the doctor as Vadlamudi Seetha, the Court believes that Vadlamudi is the doctor's surname, and shall refer to her as such.

[2]"H. pylori infection occurs when a bacterium called Helicobacter pylori (H. pylori) infects the stomach or the first part of the small intestine. H. pylori infection is thought to be present in about half the people in the world." Mayo Clinic, *H. pylori infection*, www.mayoclinic.com/health/h-pylori/DS00958, as viewed on November 5, 2009.

[3]The page numbers refer to those assigned by the Court's electronic filing system.

(*Id*.)  Plaintiff asserts, however, that "[t]here is a combination of three drugs you get to combat the bacteria" and Dr. Vadlamudi "only prescribed two medications for me to take.  A medical doctor should have known about the triple medication.  Pepto-Bismol is not part of the triple medication a person get[s] for h-pylori."  (*Id*. at 6.)

A prisoner's claim of inadequate medical care falls under the Eighth Amendment's provision that "cruel and unusual punishments [shall not be] inflicted."  U.S. Const. amend VIII.  This amendment requires that convicted prisoners be provided "the minimal civilized measure of life's necessities."  *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981).  "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).  However, liability exists "only if [the defendant] knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Id*. at 847.  Even if a plaintiff's medical treatment was allegedly deficient in some manner, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle v. Gamble*, 429 U.S. 97, 105-06, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

In cases where an inmate alleges deliberate indifference but the record demonstrates that the inmate received medical attention and is, in essence, filing suit because he disagrees with certain treatment decisions made by the medical staff, the inmate has failed to state a claim under the Eighth Amendment.  *See Westlake v. Lucas,* 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); *McFarland v. Austin*, 196 Fed. App'x

410, 411 (6th Cir. 2006) ("as the record reveals that McFarland has received some medical attention and McFarland's claims involve a mere difference of opinion between him and medical personnel regarding his treatment, McFarland does not state a claim under the Eighth Amendment"); *White v. Corr. Med. Servs.*, 94 Fed. App'x 262 (6th Cir. 2004) (where the essence of plaintiff's claims was that he disagreed with the defendants' approaches to his medical treatment, dismissal of complaint for failure to state a claim was affirmed); *Selby v. Martin*, 84 Fed. App'x 496, 499 (6th Cir. 2003) ("the record reveals that [plaintiff] not only received a medical evaluation by a nurse and a physician, he also received instructions with regard to daily care of his abrasions.  Thus, the record clearly reveals a competent and conscientious course of medical treatment, and [plaintiff's] dissatisfaction with his treatment does not state a claim under the Eighth Amendment").

Here, Plaintiff clearly acknowledges in his complaint that he received medical treatment and is filing suit because he disagrees with the treatment he received.  I suggest, however, that Plaintiff's disagreement with the medications prescribed by Dr. Vadlamudi does not state a claim of deliberate indifference under the Eighth Amendment and therefore further suggest that the claim against her be *sua sponte* dismissed.

## 2.    Defendant Alfred Jones

Defendant Jones is the prison official who responded to Plaintiff's Step II grievance. Plaintiff claims that Jones knew from the grievance of Dr. Vadlamudi's actions, but failed to make an accurate investigation, denied the grievance, and just looked the other way.  (Compl. at 7.)  To

state a claim against a defendant for a violation of civil rights, a plaintiff must a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1948 (2009). *See also Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976) (a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant). Courts have consistently held that the denial of a prisoner's grievance does not state a claim of constitutional dimension. *See Alder v. Correctional Medical Servs.*, 73 Fed. App'x 839, 841 (6th Cir. 2003); *Martin v. Harvey*, 14 Fed. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, I suggest that Plaintiff has failed to state a claim against Defendant Jones and that *sua sponte* dismissal of this claim is appropriate.

### 3.     Defendant MDOC

It has long been established that, regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979), and the state of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g ., Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr*., No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr*., No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the state of Michigan (acting through the MDOC) is not a "person"[4] who may be sued under section 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)).

Accordingly, I suggest that Plaintiff has failed to state a claim against Defendant MDOC.

## 4. Conclusion

Because Plaintiff has failed to state a claim against any of the defendants, I suggest that the case be *sua sponte* dismissed.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474

---

[4]The text of 42 U.S.C. § 1983 provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.


                                       s/ Charles E. Binder
                                       CHARLES E. BINDER
Dated: November 9, 2009                United States Magistrate Judge


## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Leon Davis, #110684, at Pugsley Correctional Facility, 7401 E. Walton Rd., Kingsley, MI, 49649-9637, and served on District Judge Hood in the traditional manner.

Date: November 9, 2009            By    s/Jean L. Broucek
                                        Case Manager to Magistrate Judge Binder